DOMINIQUE N. WESTMORELAND, ESQ. (SBN 302606)
E-mail: dwestmoreland@wml-law.com
YESHA H. PATEL, ESQ. (SBN 346474)
E-mail: ypatel@wml-law.com
RACHEL P. JACOBS, ESQ. (SBN 349947)
E-mail: rjacobs@wml-law.com
**THE WESTMORELAND LAW FIRM, P.C.**
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, California 90274
Telephone No.: (424) 285-5362
Facsimile No.: (424) 285-5825

Attorneys for Plaintiff,
T.T., a minor by and through his Guardian Ad Litem, DAPHOINE SMITH

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| T.T., a minor by and through his Guardian Ad Litem, DAPHOINE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES; GUILLERMO VIERA ROSA; SUPERVISOR SHERRY TURPIN; DOE PROBATION OFFICERS 1 through 25; DOE FEMALE GUARDS 26 through 40; DOE SEARCH OFFICERS 41 through 50; DOE SUPERVISORS 51 through 75; DOE POLICYMAKERS 76 through 90; DOE MEDICAL AND MENTAL HEALTH PROVIDERS 91 through 100; and DOES 101 through 150, inclusive,<br><br>Defendants. | **Case No.: 2:25-cv-07209-KS**<br><br>[Assigned to Hon. Karen L. Stevenson]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS COUNTY OF LOS ANGELES AND GUILLERMO VIERA ROSA'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; DECLARATION OF RACHEL P. JACOBS**<br><br>Hearing Date: December 16, 2026<br>Time: 10:00 a.m.<br>Courtroom: 580<br><br>Complaint Filed: August 5, 2025<br>FAC Filed: October 28, 2026<br>Trial Date: February 22, 2028 |

## TABLE OF CONTENTS


**I. PRELIMINARY STATEMENT IDENTIFYING THE PARTIES** 2

**II. INTRODUCTION** 2

**III. THE MOTION DOES NOT AUTOMATICALLY ADJUDICATE THE LIABILITY OF EVERY DEFENDANT** 4

A. The noticed motion was brought by the County and Rosa. 4

B. Silverton permits appropriate relief for nonmoving defendants; it does not make distinct defenses interchangeable. 4

C. Plaintiff must have a fair opportunity to address any additional dispositive ground. 5

D. Any extension of a ruling must identify the common ground and its actual reach. 5

**IV. MOVING DEFENDANTS DID NOT SATISFY THE ISSUE-SPECIFIC REQUIREMENTS OF LOCAL RULE 7-3** 5

A. Sending the letter did not establish that the required substantive conference occurred. 5

B. The motion adds separate challenges to Rosa that the letter did not develop. 6

C. Moradzadeh's declaration omits the information the rule expressly requires. 6

D. The letter's amendment proposal reinforces the need for a meaningful discussion of possible correction. 6

**V. THE COURT MUST APPLY RULE 12 TO THE ACTUAL ALLEGATIONS** 7

A. Rule 8 requires plausible factual allegations, not proof before discovery. 7

B. The FAC identifies the alleged roles and conduct rather than assigning every act to every defendant. 7

C. Plaintiff incorporates his separate objections to judicial notice. 8

**VI. THE GOVERNMENT CLAIMS ACT DOES NOT SUPPORT THE REQUESTED BLANKET DISMISSAL** 8

## TABLE OF CONTENTS


A. Moving Defendants must distinguish claim presentation, late-claim relief, and the deadline for filing suit. 8

B. Claim presentation turns on the underlying occurrence, not the eventual count labels. 9

C. The Court must distinguish elaboration from genuinely separate occurrences. 10

D. Presentation exemptions apply according to the underlying injury, not merely the count's title. 10

E. Any deficiency in pleading the presentation history is readily curable. 11

**VII. SECTION 844.6 MUST BE APPLIED WITH ITS EXPRESS LIMITS** 11

A. County immunity does not establish employee immunity or defeat the federal claims. 11

B. Count 13 falls within the Bane Act's express immunity provision. 12

C. The immediate-medical-care exception requires a separate, focused inquiry. 12

D. Section 844.6 does not eliminate otherwise available equitable relief. 13

**VIII. THE ADDITIONAL STATE-LAW ARGUMENTS DO NOT JUSTIFY THE PROPOSED DISPOSITION** 13

A. The scope-of-employment argument must distinguish the perpetrator's conduct from separate supervisory wrongdoing. 13

B. Count 18 expressly requests equitable relief; any standing deficiency requires its own analysis. 14

C. Count 19 alleges discriminatory intimidation as well as completed violence. 14

D. The prayer already limits exemplary and punitive damages to individual defendants. 15

**IX. COUNTS 16 AND 17 ALLEGE DENIAL OF ACCESS AND REASONABLE ACCOMMODATIONS** 16

## TABLE OF CONTENTS


A. The FAC challenges exclusion from services, not merely the quality of medical treatment. 16

B. The Section 504 causation argument does not dispose of each accommodation theory. 17

C. The FAC alleges actual notice and deliberate refusal, not only what employees should have known. 17

D. A disputed training theory does not eliminate the separately pleaded accommodation violations. 18

E. Payan forecloses dismissal based solely on the emotional-distress demand. 19

**X. COUNT 9 ALLEGES MUNICIPAL LIABILITY** 19

A. Plaintiff alleges a recurring operational practice. 19

B. The rooftop allegations form part of a longer pleaded accommodation and supervision sequence. 20

C. The notice allegations must be assessed against the particular omission and injury. 20

D. Affirmative custom, policymaker decisions, training failures, and ratification are distinct routes. 21

E. The FAC identifies the mechanisms connecting municipal conduct to injury. 22

**XI. ROSA'S INDIVIDUAL LIABILITY REQUIRES ANALYSIS OF HIS OWN ALLEGED OMISSIONS** 22

**XII. THE COURT SHOULD PERMIT ANY NECESSARY CURATIVE AMENDMENT** 23

**XIII. CONCLUSION** 24

## TABLE OF AUTHORITIES

**Cases**


| | |
|---|---|
| A.G. v. Paradise Valley Unified School District No. 69, 815 F.3d 1195 (9th Cir. 2016) | 16, 18 |
| AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631 (9th Cir. 2012) | 7, 19, 22 |
| Ashcroft v. Iqbal, 556 U.S. 662 (2009) | 7 |
| Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) | 7 |
| Benavidez v. County of San Diego, 993 F.3d 1134 (9th Cir. 2021) | 21 |
| Briskin v. Shopify, Inc., 135 F.4th 739 (9th Cir. 2025) (en banc) | 7 |
| C.A. v. William S. Hart Union High School District, 53 Cal.4th 861 (2012) | 14 |
| Castaneda v. Department of Corrections & Rehabilitation, 212 Cal.App.4th 1051 (2013) | 12 |
| Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (en banc) | 16, 20 |
| Christie v. Iopa, 176 F.3d 1231 (9th Cir. 1999) | 20 |
| City of Los Angeles v. Lyons, 461 U.S. 95 (1983) | 14 |
| City of St. Louis v. Praprotnik, 485 U.S. 112 (1988) | 21 |
| Connick v. Thompson, 563 U.S. 51 (2011) | 18, 20 |
| Cummings v. Premier Rehab Keller, P.L.L.C., 596 U.S. 212 (2022) | 19 |
| Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001) | 18 |
| Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 (9th Cir. 2003) | 23 |
| Foman v. Davis, 371 U.S. 178 (1962) | 23 |
| Gibson v. City of Portland, 165 F.4th 1265 (9th Cir. 2026) | 8 |
| Gong v. City of Rosemead, 226 Cal.App.4th 363 (2014) | 10 |
| Hafer v. Melo, 502 U.S. 21 (1991) | 23 |
| Hernandez v. City of Stockton, 90 Cal.App.5th 1222 (2023) | 10 |
| Howlett v. Rose, 496 U.S. 356 (1990) | 11 |

## TABLE OF AUTHORITIES


| | |
|---|---|
| J.M. v. Huntington Beach Union High School District, 2 Cal.5th 648 (2017) | 8 |
| Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992) | 24 |
| Kentucky v. Graham, 473 U.S. 159 (1985) | 23 |
| Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993) | 7 |
| Lisa M. v. Henry Mayo Newhall Memorial Hospital, 12 Cal.4th 291 (1995) | 13 |
| Lytle v. Carl, 382 F.3d 978 (9th Cir. 2004) | 21 |
| Mary M. v. City of Los Angeles, 54 Cal.3d 202 (1991) | 13 |
| May v. County of Monterey, 139 Cal.App.3d 717 (1983) | 11 |
| Monell v. Department of Social Services, 436 U.S. 658 (1978) | 19 |
| Payan v. Los Angeles Community College District, 169 F.4th 971 (9th Cir. 2026) | 3, 19 |
| Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206 (1998) | 16 |
| Reese v. County of Sacramento, 888 F.3d 1030 (9th Cir. 2018) | 12 |
| Silverton v. Department of Treasury, 644 F.2d 1341 (9th Cir. 1981) | 4 |
| Simmons v. Navajo County, 609 F.3d 1011 (9th Cir. 2010) | 16 |
| Starr v. Baca, 652 F.3d 1202 (9th Cir. 2011) | 22 |
| State of California v. Superior Court (Bodde), 32 Cal.4th 1234 (2004) | 11 |
| Stockett v. Association of California Water Agencies Joint Powers Insurance Authority, 34 Cal.4th 441 (2004) | 9 |
| Trevino v. Gates, 99 F.3d 911 (9th Cir. 1996) | 19 |
| Watson v. State of California, 21 Cal.App.4th 836 (1993) | 12 |
| White v. Superior Court, 225 Cal.App.3d 1505 (1990) | 9 |
| Wong v. Bell, 642 F.2d 359 (9th Cir. 1981) | 5 |
| Z.V. v. County of Riverside, 238 Cal.App.4th 889 (2015) | 13, 14 |

# TABLE OF AUTHORITIES

## Statutes and Regulations


| | |
|---|---|
| 29 U.S.C. § 794 | 17 |
| 42 U.S.C. § 12132 | 16 |
| 42 U.S.C. § 1983 | 11 |
| California Civil Code § 51.7 | 15 |
| California Civil Code § 52.1 | 12 |
| California Government Code § 814 | 13 |
| California Government Code § 818 | 15 |
| California Government Code § 820 | 4 |
| California Government Code § 820.8 | 6, 23 |
| California Government Code § 844.6 | 5, 11, 12, 13, 14 |
| California Government Code § 845.6 | 12, 13 |
| California Government Code § 905 | 10 |
| California Government Code § 910 | 9 |
| California Government Code § 946.6 | 8 |
| California Government Code § 11139 | 14 |
| 28 C.F.R. § 35.152 | 16 |


## Rules


| | |
|---|---|
| Federal Rule of Civil Procedure 7(b)(1) | 4 |
| Federal Rule of Civil Procedure 8 | 7, 17 |
| Federal Rule of Civil Procedure 12(b)(6) | 7 |
| Federal Rule of Civil Procedure 15(a)(2) | 23, 24 |
| Federal Rule of Civil Procedure 16(b)(4) | 24 |
| Central District of California Local Rule 7-3 | 3, 5, 6, 7, 24 |
| Central District of California Local Rule 7-4 | 6, 7, 24 |

# MEMORANUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT IDENTIFYING THE PARTIES

Plaintiff T.T., by and through his Guardian Ad Litem, DAPHOINE SMITH ("Plaintiff"), opposes the motion to dismiss filed by defendants COUNTY OF LOS ANGELES ("County") and GUILLERMO VIERA ROSA ("Rosa") (collectively, "Moving Defendants").

The First Amended Complaint ("FAC") also names SUPERVISOR SHERRY TURPIN ("Turpin"); DOE PROBATION OFFICERS 1 through 25; DOE FEMALE GUARDS 26 through 40; DOE SEARCH OFFICERS 41 through 50; DOE SUPERVISORS 51 through 75; DOE POLICYMAKERS 76 through 90; DOE MEDICAL AND MENTAL HEALTH PROVIDERS 91 through 100; and DOES 101 through 150. FAC ¶¶ 13–20. Rosa and Turpin are sued individually, and Rosa is additionally sued in his official capacity. Id. ¶¶ 12–13, 22.

Moving Defendants' counsel identify themselves as attorneys for the County and Rosa, and the notice identifies those two defendants as the parties bringing this motion. Dkt. 33 at 1–2. References in this memorandum to "nonmoving defendants" mean Turpin and the Doe defendants, who did not bring the noticed motion.

Plaintiff's procedural account is supported solely by the Declaration of Rachel P. Jacobs ("Jacobs Decl."), the only attorney from Plaintiff's firm who participated in the November 5, 2026 telephone conference. Mr. Westmoreland did not participate and supplies no declaration concerning that discussion. Jacobs Decl. ¶ 3. The November 5 letter is attached to Jacobs's declaration as Exhibit A.

## II. INTRODUCTION

The motion mistakes limits on particular theories and remedies for grounds to dismiss whole claims. County immunity does not establish employee immunity. A deficient municipal-liability theory does not eliminate a separately supported route. An unavailable damages category does not defeat an otherwise actionable statutory claim.

And sending objections before a conference does not establish that counsel discussed them during the call.

Staff allegedly forced Plaintiff to fight detained youths and staff, punished him for refusing, and required further fights after significant injuries and medical treatment. FAC ¶¶ 147–153. Staff allegedly withheld telephone access, visits, food, and showers, imposed confinement, and used Plaintiff as a "KP" to fight new detainees and enforce institutional control. Id. ¶¶ 151–152. Those facts describe a recurring mechanism of coercion.

The disability allegations identify documented classifications, dated housing decisions, and consequences. The County reinstated Plaintiff's developmental-disability designation and behavioral plan after reevaluation, yet withheld specialized placement and supports. FAC ¶¶ 199–220. Staff allegedly punished disability manifestations by canceling classroom hours and IEP services. Id. ¶¶ 206–207. The resulting crisis culminated in the March 19 rooftop emergency. Id. ¶¶ 180–198.

The County also asks the Court to dismiss disability claims because emotional-distress damages are unavailable. Its own authority defeats that shortcut: Payan v. Los Angeles Community College District, 169 F.4th 971 (9th Cir. 2026), preserves compensation for lost educational opportunities. Plaintiff alleges canceled schooling and IEP services. FAC ¶¶ 146, 206–207, 409, 422.

The procedural failure is independently established. Moradzadeh sent a detailed letter, but did not substantively discuss its dismissal grounds during his call with Jacobs. Jacobs Decl. ¶¶ 3–5. His declaration identifies no disputed issue or either party's position, although Local Rule 7-3 requires both. Dkt. 33-7 ¶ 2. A letter is not a substitute for the required discussion.

The written record confirms separate discrepancies. The letter addresses Rosa's policymaking status; the motion adds personal-liability and official-capacity challenges. Compare Jacobs Decl., Ex. A § III.B with Mot. 31–33. The letter proposes discussing amendment; the motion demands dismissal without leave. Ex. A at 9; Mot. 33. These

differences warrant enforcement of the conference requirement and a ground-specific ruling.

The Court should deny the motion. Alternatively, it should identify the particular defendant, occurrence, liability theory, and remedy affected by any ruling; preserve the remaining claims; and permit amendment of curable deficiencies.

## III. THE MOTION DOES NOT AUTOMATICALLY ADJUDICATE THE LIABILITY OF EVERY DEFENDANT

### A. The noticed motion was brought by the County and Rosa.

The County and Rosa brought this motion. Dkt. 33 at 1–2. Counsel's representation of those parties does not itself make counsel the attorney for Turpin or every Doe. FAC ¶¶ 13–22. Rule 7(b)(1) requires particularity concerning the grounds and relief sought. Relief for those individuals must rest on a ground applicable to their actual alleged conduct. Government Code section 820(a) separately establishes the general rule of employee liability, subject to applicable defenses.

The memorandum nevertheless requests dismissal of certain state-law theories against the County and its employees. Mot. 20. To the extent that phrase is invoked to obtain relief for every individual defendant, the Court must determine whether the particular ground actually applies to that defendant and claim.

### B. Silverton permits appropriate relief for nonmoving defendants; it does not make distinct defenses interchangeable.

In Silverton v. Department of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981), the Ninth Circuit recognized a district court's authority to dismiss claims against nonmoving defendants who occupy a position similar to the moving defendants or face integrally related claims.

That authority permits consideration of a genuinely common dispositive defect. It does not establish that the County, a supervisory official, and employees accused of direct misconduct necessarily share every defense.

The County invokes entity immunity, but section 844.6(d) preserves employees' liability for their own wrongful conduct. Rosa challenges supervisory causation; employees accused of compelling fights, imposing punishment, or conducting abusive searches face direct-participation allegations. FAC ¶¶ 147–173, 221–228. A defense personal to one defendant cannot supply another defendant's missing ground for dismissal.

**C. Plaintiff must have a fair opportunity to address any additional dispositive ground.**

Wong v. Bell, 642 F.2d 359, 361–362 (9th Cir. 1981), generally requires notice and an opportunity to respond before a court dismisses on its own initiative, while recognizing an exception where relief is impossible.

Plaintiff addresses the asserted common grounds here. If the Court considers an additional, unpresented ground concerning a nonmoving defendant, Plaintiff requests notice and an opportunity to address that defendant's allegations and possible amendment. No second briefing opportunity is demanded merely to repeat an issue already fairly presented.

**D. Any extension of a ruling must identify the common ground and its actual reach.**

Claim presentation may supply a common defense to particular state-law theories against an entity and employee. But the inquiry still requires identification of the occurrence, applicable presentation requirement, and any exemption. A County-specific immunity ruling cannot substitute for that analysis.

**IV. MOVING DEFENDANTS DID NOT SATISFY THE ISSUE-SPECIFIC REQUIREMENTS OF LOCAL RULE 7-3**

**A. Sending the letter did not establish that the required substantive conference occurred.**

Local Rule 7-3 requires counsel to discuss thoroughly the substance of the contemplated motion and potential resolution. If the dispute remains, the moving attorney

must submit a declaration identifying the conference dates and the position of each party concerning each disputed issue presented by the motion. Local Rule 7-4 permits the Court to decline consideration of a motion that does not satisfy those requirements.

Jacobs was the only participating attorney from Plaintiff's firm. Jacobs Decl. ¶ 3. She states that Moradzadeh did not substantively discuss the letter's dismissal grounds during the call, including the employee claim-presentation issues, deliberate indifference, and Rosa's separate liability. Id. ¶¶ 4–5. The letter identifies many objections in writing. Plaintiff's objection concerns their omission from the actual discussion.

**B. <u>The motion adds separate challenges to Rosa that the letter did not develop.</u>**

The letter's discussion of Rosa concerns whether he possessed final policymaking authority for purposes of municipal liability. Jacobs Decl., Ex. A § III.B. The motion presents different questions: whether Rosa personally committed a causally connected act or omission; whether Government Code section 820.8 defeats his state-law liability; and whether his official-capacity designation duplicates the County's presence. Mot. 31–33.

**C. <u>Moradzadeh's declaration omits the information the rule expressly requires.</u>**

Moradzadeh's declaration supplies a date and a generalized account of the call. It identifies no disputed issue and no position taken by either party concerning one. Dkt. 33-7 ¶ 2. The declaration omits what Local Rule 7-3 expressly requires; its general description does not answer Jacobs's specific account.

**D. <u>The letter's amendment proposal reinforces the need for a meaningful discussion of possible correction.</u>**

The Court's Standing Order emphasizes good-faith conferences concerning pleading defects that amendment could correct. Dkt. 9 ¶ 15(a). Consistent with that purpose, the November 5 letter proposed discussing a stipulation providing time to amend some or all challenged allegations. Jacobs Decl., Ex. A at 9.

The proposal was neither unrestricted consent nor a blanket waiver. The letter reserved defenses. But it identified amendment as a possible resolution, reinforcing the need for the substantive discussion that did not occur.

The Court should decline consideration under Local Rules 7-3 and 7-4. At minimum, Moving Defendants should complete the required conference before obtaining adjudication of the grounds they failed to discuss.

## V. THE COURT MUST APPLY RULE 12 TO THE ACTUAL ALLEGATIONS

### A. Rule 8 requires plausible factual allegations, not proof before discovery.

A complaint must allege sufficient facts to make liability plausible. It need not establish liability through evidence before discovery. Ashcroft v. Iqbal, 556 U.S. 662, 678–679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–556, 570 (2007).

Municipal claims are subject to the ordinary pleading standard, without an additional heightened requirement. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993). AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637–638 (9th Cir. 2012), requires factual support under that standard, not production of internal training, discipline, or supervisory records before discovery.

### B. The FAC identifies the alleged roles and conduct rather than assigning every act to every defendant.

Collective pleading is not categorically defective. Briskin v. Shopify, Inc., 135 F.4th 739, 762 (9th Cir. 2025) (en banc), asks whether the allegations give the defendants fair notice. It does not dispense with identifying the factual basis for each defendant's liability.

Here, the FAC distinguishes probation officers involved in forced fights, female guards and search officers involved in bodily-privacy violations, supervisory personnel, and medical providers. FAC ¶¶ 15–19. It identifies the alleged fight methods and punishments, search-related coercion, and specific housing and accommodation decisions. Id. ¶¶ 147–173, 199–228. Rosa's alleged notice and omissions are separately identified. Id. ¶¶ 336, 384–386. The County's municipal theories appear in Count 9;

Rosa's supervisory claim appears in Count 15. The Court should test those allegations against the corresponding elements.

Gibson v. City of Portland, 165 F.4th 1265, 1288–1290 (9th Cir. 2026), rejects pleadings that obscure which defendant is responsible for which actionable conduct. A lengthy narrative cannot cure a failure to connect facts, defendants, and claims. Plaintiff identifies those connections here. If the Court finds that a particular count still groups defendants or incorporates allegations too broadly, Plaintiff requests a focused amendment supplying the required connections. Gibson's remedy for curable organizational defects includes repleading, not automatic dismissal with prejudice.

**C. Plaintiff incorporates his separate objections to judicial notice.**

Plaintiff incorporates by reference his concurrently filed Objections to Defendants' Request for Judicial Notice in Support of Motion to Dismiss the First Amended Complaint, directed to Docket No. 33-1 and its accompanying exhibits, and requests that the Court sustain those objections. The grounds and requested limitations are set out in that separate filing.

## VI. THE GOVERNMENT CLAIMS ACT DOES NOT SUPPORT THE REQUESTED BLANKET DISMISSAL

**A. Moving Defendants must distinguish claim presentation, late-claim relief, and the deadline for filing suit.**

Claim presentation, judicial relief from denial of a late-claim application, and the deadline for filing suit present distinct questions. A deficiency concerning one occurrence or procedural requirement does not establish that every state-law theory fails. The Court must identify the particular claim, occurrence, and requirement implicated by each asserted defense.

Government Code section 946.6 and J.M. v. Huntington Beach Union High School District, 2 Cal.5th 648 (2017), govern timely judicial relief after denial of a late-claim application. Plaintiff does not ask this Court to treat an administrative application as a

superior court petition. That requirement must be applied to the occurrences requiring late-claim relief.

The consequence must nevertheless remain confined to claims that actually required that relief. It cannot dispose of timely presented later occurrences, federally created claims, or qualifying claims exempt from presentation.

**B. Claim presentation turns on the underlying occurrence, not the eventual count labels.**

In Stockett v. Association of California Water Agencies Joint Powers Insurance Authority, 34 Cal.4th 441, 446–449 (2004), the Supreme Court distinguished additional details and theories concerning the presented occurrence from a fundamental shift to a different factual basis. White v. Superior Court, 225 Cal.App.3d 1505, 1510–1511 (1990), likewise held that a claim describing employee mistreatment supported related theories concerning hiring, training, retention, supervision, and discipline.

The FAC alleges that Plaintiff presented a government claim and that the related state-law claims arise from the custodial abuse, forced violence, staff misconduct, negligent supervision, hiring, and training identified in that claim. FAC ¶¶ 27–28. The substantive allegations describe compelled fights and punishment for refusal. Id. ¶¶ 147–153.

Under Stockett and White, additional legal theories and particulars concerning the same underlying occurrence do not necessarily create a claim-presentation variance. The analysis must address the relationship alleged in FAC paragraph 28 rather than require the administrative claim to recite each eventual count label.

Government Code section 910(e) requires identification of the responsible employee only if known. Missing names do not transform an otherwise presented occurrence into a different event. The FAC identifies the records through which the Does' identities can be determined. FAC ¶¶ 14, 20. The statute does not require a detained child to obtain staffing rosters and internal supervisory records before presenting a claim.

The same principle governs additional particulars about how staff enforced participation. The FAC alleges that staff withheld food, showers, telephone access, and visits, and imposed room confinement when Plaintiff refused to fight. FAC ¶ 152. Those allegations explain the coercion surrounding the presented fights.

Gong v. City of Rosemead, 226 Cal.App.4th 363, 376 (2014), and Hernandez v. City of Stockton, 90 Cal.App.5th 1222, 1231–1233 (2023), require factual correspondence. Hernandez rejected replacing an uplifted-sidewalk claim with an empty-tree-well theory. The Court must distinguish a genuinely different occurrence from additional coercion and supervisory theories arising from the same alleged compelled fights. FAC ¶¶ 28, 147–153.

**C. <u>The Court must distinguish elaboration from genuinely separate occurrences.</u>**

Describing compelled fights does not automatically satisfy presentation requirements for every later event during detention. Whether a particular allegation elaborates the same occurrence or supplies an independent factual basis for recovery requires a claim-specific analysis.

The Court should reject categorical dismissal of entire counts without determining which alleged occurrences and theories are affected. Claims 7, 8, 10–14, and 19 require that separate analysis.

**D. <u>Presentation exemptions apply according to the underlying injury, not merely the count's title.</u>**

Moving Defendants expressly decline to seek dismissal of Count 20 on presentation grounds. Mot. 16 n.3. Government Code section 905(m) must also be considered when other counts seek qualifying damages suffered from childhood sexual assault.

A qualifying exemption does not disappear because the victim pleads sexual battery or causally related negligence under another heading. Conversely, an abusive

search is not automatically childhood sexual assault merely because it is humiliating. The alleged conduct must satisfy the applicable statutory definition.

Plaintiff's federal claims stand separately. The California presentation requirements do not supply a basis to dismiss the claims arising under section 1983, Title II, or section 504.

**E. <u>Any deficiency in pleading the presentation history is readily curable.</u>**

State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1239–1240 (2004), requires allegations demonstrating or excusing compliance. FAC paragraphs 27–28 allege presentation and explain the asserted relationship between the claim and the pleaded custodial misconduct. If the Court requires greater specificity, Plaintiff requests leave to plead supported dates, dispositions, and the basis for compliance or exemption.

A requirement to supply additional procedural particulars warrants a focused opportunity to amend where the facts support it. The present pleading does not establish that every asserted deficiency is incurable.

## VII. <u>SECTION 844.6 MUST BE APPLIED WITH ITS EXPRESS LIMITS</u>

**A. <u>County immunity does not establish employee immunity or defeat the federal claims.</u>**

Government Code section 844.6 concerns public-entity liability for prisoner injuries. Subdivision (d) expressly preserves a public employee's liability for injury proximately caused by that employee's own negligent or wrongful conduct.

Nor does this state immunity extinguish the federal claims. Howlett v. Rose, 496 U.S. 356, 375–376 (1990), forecloses a state-law immunity from displacing section 1983 liability. The constitutional, ADA, and Rehabilitation Act theories must be adjudicated on their own elements.

May v. County of Monterey, 139 Cal.App.3d 717, 719 (1983), applies prisoner immunity to juvenile custody. It does not erase statutory exceptions, employee liability, or federal rights.

**B. Count 13 falls within the Bane Act's express immunity provision.**

Civil Code section 52.1(n) makes the specified Government Code immunities, including section 844.6, inapplicable to covered Bane Act causes of action against peace officers, custodial officers, and their employing public entities.

Moving Defendants acknowledge that section 844.6 does not bar Count 13. Mot. 15–16. That count alleges more than a bare constitutional violation. Staff threatened punishment to compel Plaintiff to fight and to deter refusal and reporting. FAC ¶¶ 358–364. Plaintiff alleges the required specific intent in paragraph 362, supported by the coercive mechanism described in paragraphs 147–153 and 361.

Reese v. County of Sacramento, 888 F.3d 1030, 1043–1045 (9th Cir. 2018), requires specific intent and rejects a categorical requirement that coercion be transactionally independent of the constitutional violation in the circumstances addressed there. Here, deliberate compulsion, punishment for refusal, and obstruction of reporting support an inference of intentional interference. Plaintiff relies on those acts, not negligence alone.

**C. The immediate-medical-care exception requires a separate, focused inquiry.**

Section 844.6 expressly recognizes the exception in Government Code section 845.6. That provision concerns an employee's knowledge, or reason to know, that a prisoner needs immediate medical care and failure to take reasonable action to summon it. Watson v. State of California, 21 Cal.App.4th 836, 841–843 (1993).

Castaneda v. Department of Corrections & Rehabilitation, 212 Cal.App.4th 1051, 1070–1074 (2013), limits the exception to summoning immediate care; deficient treatment or follow-up is not enough. Plaintiff's rooftop allegations instead identify an acute crisis and an alleged failure to request any mental-health consultation. FAC ¶¶ 180–193.

Custodial backup and fire-department assistance were summoned. Id. ¶¶ 184–187. Plaintiff must still establish a qualifying immediate medical need, knowledge, failure reasonably to summon care, and resulting injury. The absence of a clinician alone does

not prove every element. But a rescue response does not conclusively establish what medical care was summoned or when.

The letter separately raised section 845.6. Jacobs Decl., Ex. A at 2–3. The filed motion relies on general prisoner immunity without the same developed analysis of the exception. Neither the letter nor that general assertion substitutes for examining the pleaded emergency.

If additional facts are necessary, Plaintiff requests leave to identify the responsible employee, immediate need, omitted summoning, timing, and resulting injury, where supported. Any amended theory must also satisfy applicable claim-presentation requirements. The constitutional and disability theories remain independently governed.

**D. Section 844.6 does not eliminate otherwise available equitable relief.**

Government Code section 814 preserves the right to obtain relief other than money or damages. Section 844.6 expressly recognizes section 814.

## VIII. THE ADDITIONAL STATE-LAW ARGUMENTS DO NOT JUSTIFY THE PROPOSED DISPOSITION

### A. The scope-of-employment argument must distinguish the perpetrator's conduct from separate supervisory wrongdoing.

Lisa M. v. Henry Mayo Newhall Memorial Hospital, 12 Cal.4th 291, 298–304 (1995), limits employer liability for independently motivated sexual misconduct. The question is the connection between the assigned work and the tort, not employment alone.

But the FAC alleges misuse of official custodial and search authority inside a locked facility, including coercion arising from staff control over Plaintiff's movement, necessities, safety, and reporting access. FAC ¶¶ 158–168. The inquiry must address the actual authority exercised and the relationship between the assigned duties and alleged misconduct.

Mary M. v. City of Los Angeles, 54 Cal.3d 202, 209–218 & n.11 (1991), addresses an on-duty police officer's misuse of detention authority. Z.V. v. County of Riverside, 238

Cal.App.4th 889, 896–897 (2015), emphasizes that holding's narrow reach. Plaintiff does not equate every custodial employee with that officer. He alleges abuse during official search and custodial functions, rather than the after-hours, post-placement assault in Z.V. The actual duties and conduct require identification; a sexual-purpose allegation does not adjudicate every distinct search, supervision, or protection theory.

Moreover, a determination that a perpetrator acted outside the scope of employment does not establish that a different employee's own negligent supervision, protection, or reporting conduct also fell outside employment. C.A. v. William S. Hart Union High School District, 53 Cal.4th 861, 868–879 (2012), distinguishes liability based on supervisory employees' own negligence from liability for the perpetrator's assault. That distinction supports separate analysis here. It does not override section 844.6 or establish County liability without an applicable exception. FAC ¶¶ 345–357, 365–372, 437.

**B. <u>Count 18 expressly requests equitable relief; any standing deficiency requires its own analysis.</u>**

Section 11139 authorizes equitable relief. FAC paragraph 421 and Prayer paragraph 1(g) expressly request it. A restriction on damages does not decide whether prospective relief is available.

Standing still requires a continuing controversy and a real and immediate threat of injury. City of Los Angeles v. Lyons, 461 U.S. 95, 102–111 (1983). A past wrong alone is insufficient.

If necessary and supported, Plaintiff requests leave to identify his continuing exposure, the challenged practice, and specific prospective relief. Section 814 independently prevents treating prisoner damages immunity as a categorical bar to such relief.

**C. <u>Count 19 alleges discriminatory intimidation as well as completed violence.</u>**

Civil Code section 51.7 protects against violence and intimidation by threat of violence because of protected characteristics. The issue is the alleged discriminatory connection to the violence or threat.

The motion isolates the forced-fight allegations from the alleged disability-related treatment and racialized adultification. The FAC alleges that staff disregarded Plaintiff's documented cognitive condition, characterized his physical stature as inconsistent with developmental disability, removed disability protections, and placed him in hostile general-population settings. FAC ¶¶ 205–228. Count 19 alleges that staff used threats of physical assault, chemical agents, and punitive confinement, with race and disability substantially motivating the coercive conduct. Id. ¶¶ 426–427.

Entertainment, wagering, control, and discriminatory motivation are not logically exclusive. The existence of one alleged purpose does not conclusively disprove another.

If the Court requires a more particular connection between a protected characteristic and a threat or assault, Plaintiff requests leave to identify the actor, conduct, circumstances showing motive, and injury. The required nexus cannot be supplied by status alone, but further particulars are not shown to be impossible.

**D. <u>The prayer already limits exemplary and punitive damages to individual defendants.</u>**

Moving Defendants seek dismissal of punitive-damages demands against the County in Counts 13 and 19. Government Code section 818 governs that issue.

The FAC's general allegations request punitive damages against individuals, and its prayer expressly limits exemplary and punitive damages to individual defendants. FAC ¶ 9; Prayer ¶ 1(f). The references within particular counts should be read together with that express limitation.

If the Court requires additional clarification, it can specify that the County is excluded from those requests. The issue concerns the reach of a remedy; it supplies no basis to dismiss the underlying Bane Act or Ralph Act cause of action against a defendant otherwise subject to liability.

## IX. <u>COUNTS 16 AND 17 ALLEGE DENIAL OF ACCESS AND REASONABLE ACCOMMODATIONS</u>

### A. <u>The FAC challenges exclusion from services, not merely the quality of medical treatment.</u>

Title II, 42 U.S.C. § 12132, applies in custody. Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206, 209–213 (1998). Its regulations address access to services and appropriate housing for disabled detainees. 28 C.F.R. § 35.152(b)(1)–(3) (2010).

Plaintiff had a documented developmental-disability classification, an IEP, and an IBMP. FAC ¶¶ 199–203. His needs and requests for specialized placement were repeatedly documented. Id. ¶ 203. Disability personnel reevaluated him, reinstated his classification, and formulated a new behavioral plan in October 2024. Id. ¶ 215.

Despite that reinstatement, the County allegedly withheld specialized placement and transferred him to general-population settings without the identified supports. Id. ¶¶ 216–225. Staff responded to manifestations of disability by imposing confinement and canceling classroom hours and IEP services. Id. ¶¶ 206–207. Staff also failed to implement accommodations for stressful transitions and failed to request a mental-health consultation during the rooftop emergency. Id. ¶¶ 180–198, 208–209.

Those allegations describe denial of meaningful access and failure to modify custodial practices. A.G. v. Paradise Valley Unified School District No. 69, 815 F.3d 1195, 1204–1207 (9th Cir. 2016), recognizes meaningful-access and reasonable-accommodation theories involving educational and behavioral supports.

Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010), overruled in part on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (en banc), distinguishes disability discrimination from inadequate treatment. It does not erase allegations that staff canceled schooling and refused disability-related housing and behavioral modifications.

**B. The Section 504 causation argument does not dispose of each accommodation theory.**

Section 504 requires exclusion solely by reason of disability. 29 U.S.C. § 794(a). Plaintiff must satisfy that causal requirement for the particular statutory violation.

But the motion treats every allegation concerning race, physical size, and accommodations as one indivisible decision. The FAC identifies separate acts, including withholding identified behavioral supports, canceling services in response to disability manifestations, and refusing modifications needed for access. FAC ¶¶ 202–220, 394–411.

The allegations concerning physical stature also explain the asserted refusal to recognize and accommodate Plaintiff's actual disability. Staff allegedly treated his appearance as disproving documented cognitive limitations, even after specialists reinstated his designation. Id. ¶¶ 205, 213–216. Those allegations must be examined in relation to the particular access denial rather than treated as automatically defeating disability causation.

Rule 8(d)(2)–(3) permits alternative and inconsistent theories. Plaintiff's assertion of race discrimination elsewhere does not categorically prohibit an alternative disability-based theory concerning a particular denial.

If the Court requires clearer separation, Plaintiff requests leave to identify the specific Section 504 denials attributed solely to disability and distinguish them from decisions asserted to involve other motives. Any such ruling should not dismiss the separately governed Title II claim.

**C. The FAC alleges actual notice and deliberate refusal, not only what employees should have known.**

The County's own disability process allegedly identified Plaintiff's condition, provided specialized placement, reevaluated him, reinstated his classification, and created a new behavioral plan. FAC ¶¶ 199–215. Plaintiff alleges repeated accommodation requests and actual knowledge of the risk posed by keeping him in

general population. Id. ¶¶ 203, 216. He then alleges continued refusal to provide the required supports and punishment through denial of schooling. Id. ¶¶ 206–220.

During the rooftop crisis, Plaintiff expressly communicated his disability and distress. The contemporaneous report allegedly recorded that no mental-health consultation was requested. Id. ¶¶ 184–187.

Duvall v. County of Kitsap, 260 F.3d 1124, 1138–1139 (9th Cir. 2001), requires knowledge of a substantially likely violation and a deliberate failure to act. The motion's quotation of "knew or should have known" does not erase the pleaded reevaluation, reinstatement, repeated requests, and continued refusal. Those affirmative allegations supply the asserted knowledge and deliberate response. FAC ¶¶ 203, 206–220.

A.G. recognizes notice through accommodation requests, obvious needs, or legally required accommodations, coupled with deliberate failure to act. 815 F.3d at 1204–1205, 1207–1209. Plaintiff alleges the County's affirmative identification and reinstatement of his needs followed by refusal to implement the supports—not merely what employees should have discovered.

**D. <u>A disputed training theory does not eliminate the separately pleaded accommodation violations.</u>**

The alleged deficiencies concern implementing disability classifications and behavioral plans, avoiding punitive educational exclusion, accommodating stressful transitions, and obtaining mental-health consultation during a crisis. FAC ¶¶ 206–220, 393, 405. Those subjects identify the asserted training needs and their relationship to the denied services.

But liability does not depend solely on that training route. Counts 16 and 17 separately allege direct denial of access and reasonable modifications. Id. ¶¶ 394, 398, 405, 411. Duvall separately recognizes public-entity liability for employees' acts under Title II and Section 504. 260 F.3d at 1141. Those direct statutory claims do not require a separate Monell policy or custom. Connick's municipal-training requirements therefore do not dispose of the independently pleaded accommodation violations.

**E. Payan forecloses dismissal based solely on the emotional-distress demand.**

Cummings v. Premier Rehab Keller, P.L.L.C., 596 U.S. 212, 230 (2022), bars Section 504 emotional-distress damages. Payan applies that restriction to Title II but permits compensation for lost educational opportunities. 169 F.4th at 978–979. That holding directly supports Count 16.

Plaintiff alleges canceled schooling, denied IEP services, and educational losses. FAC ¶¶ 146, 201, 206–207, 409, 422. Recovery requires causation and reasonable certainty.

Count 17's compensatory demand requires separate analysis under Section 504 and Cummings. FAC ¶ 410. Plaintiff must establish permissible pecuniary losses and sole causation. Payan does not decide Section 504 damages. Neither claim may relabel emotional distress as educational loss.

## X. COUNT 9 ALLEGES MUNICIPAL LIABILITY

**A. Plaintiff alleges a recurring operational practice.**

Municipal liability requires an actionable policy or persistent custom and a causal connection to constitutional injury; a formulaic policy allegation is insufficient. Monell v. Department of Social Services, 436 U.S. 658, 690–694 (1978); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637–638 (9th Cir. 2012).

The FAC describes repeated fights in multiple staff-controlled locations; compulsory participation against youths and staff; punishment for refusal; significant injuries; and further fights even after medical treatment. FAC ¶¶ 147–153. It also alleges that staff used Plaintiff as a "KP" to fight new detainees and enforce institutional control. Id. ¶ 151.

Those allegations supply a recurring method and purpose. The number of plaintiffs does not determine the number of violations. Repeated staff-compelled fights do not become a single incident because one detainee describes them. The inquiry concerns

the alleged practice's frequency, duration, consistency, and connection to Plaintiff's injuries. The absence of every participating employee's name or every fight's date does not require treating repeated compelled participation as one isolated encounter.

**B. <u>The rooftop allegations form part of a longer pleaded accommodation and supervision sequence.</u>**

Moving Defendants characterize the rooftop event as one occurrence unsupported by any broader practice. Mot. 27. The FAC, however, connects it to repeated housing and accommodation decisions beginning in 2024.

Plaintiff alleges expiration of disability alerts, removal from specialized housing, reinstatement of his designation, continued denial of specialized placement, punitive educational exclusion, transfer to the compound, and failure to implement transition supports. FAC ¶¶ 199–228. The March event is alleged to be a consequence of that sequence. Id. ¶¶ 180–198.

Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir. 1999), recognizes that one deprivation ordinarily cannot establish a longstanding custom. The FAC alleges more: repeated decisions withholding documented accommodations before the emergency. Id. ¶¶ 198–220. The roof-security theory and the forced-fight practice also require their own analysis; a defect in one does not resolve the others.

**C. <u>The notice allegations must be assessed against the particular omission and injury.</u>**

Municipal omission liability requires the necessary culpability and causation. Castro v. County of Los Angeles, 833 F.3d 1060, 1073–1077 (9th Cir. 2016) (en banc). Failure-to-train liability ordinarily requires a pattern of similar constitutional violations placing policymakers on notice. Connick v. Thompson, 563 U.S. 51, 61–64 (2011).

The FAC alleges findings concerning supervision, safety checks, restraints, room confinement, education, and staffing, together with repeated noncompliance and uncorrected deficiencies. FAC ¶¶ 55–69, 321–327. Those subjects bear directly on the pleaded supervision, force, confinement, and access injuries.

The notice inquiry must concern warnings and omissions preceding the particular injury. Plaintiff relies on the FAC's allegations of prior oversight findings and uncorrected deficiencies to supply that connection. FAC ¶¶ 55–69, 321–327.

Likewise, discipline for absenteeism does not establish adequate correction of forced fights, abusive searches, or unlawful confinement. The existence of some discipline does not conclusively resolve whether the County tolerated a different recurring practice.

**D. <u>Affirmative custom, policymaker decisions, training failures, and ratification are distinct routes.</u>**

Final policymaking authority depends on the governing law, not title alone. City of St. Louis v. Praprotnik, 485 U.S. 112, 123–127 (1988) (plurality opinion).

But Count 9 also rests on an asserted municipal custom. That route does not depend exclusively on proving that each particular housing or fight decision was Rosa's final policy determination.

Ratification similarly requires approval of the challenged decision and its basis. Lytle v. Carl, 382 F.3d 978, 987 (9th Cir. 2004). Mere nondiscipline does not necessarily satisfy that standard. A demand for additional ratification facts nevertheless does not dispose of a separately supported custom or deliberate-omission theory.

Benavidez v. County of San Diego, 993 F.3d 1134, 1153–1154 (9th Cir. 2021), requires a causal connection between deficient training and constitutional injury. The motion's assertion that training cannot prevent intentional misconduct overlooks the duties of other staff. Training and supervision bear on intervention, reporting, documentation, protection, and correction after misconduct is observed. The FAC alleges failures in those safeguards, including suppressed reporting and continued compelled fights after injury. FAC ¶¶ 147–164, 323–330. The Court must examine those alleged mechanisms, not assume that every institutional safeguard is irrelevant whenever the immediate perpetrator acts intentionally.

The same distinction answers the training argument. Plaintiff identifies failures involving supervision, force, reporting, searches, and disability-related custodial practices. FAC ¶¶ 157, 164, 198–220, 323–330. If more particulars are required, amendment should address them without erasing the separately alleged affirmative practices.

**E. <u>The FAC identifies the mechanisms connecting municipal conduct to injury.</u>**

The alleged fight practice exposed Plaintiff to compelled violence and renewed fights after injury. The alleged coercive practices punished refusal and obstructed reporting. The alleged housing and accommodation decisions placed him in settings lacking the supports identified for his disability and preceded the pleaded crisis. The alleged supervision and security failures permitted access to the roof and the prolonged danger. FAC ¶¶ 147–153, 180–228, 323–333.

If the Court finds a particular municipal route insufficiently pleaded, AE supports an opportunity to amend rather than the requested wholesale dismissal without leave. 666 F.3d at 637–638.

**XI. <u>ROSA'S INDIVIDUAL LIABILITY REQUIRES ANALYSIS OF HIS OWN ALLEGED OMISSIONS</u>**

Rosa's absence from a particular fight does not answer the pleaded claim that his own notified, uncorrected omissions caused injury. The motion must confront those allegations rather than reduce the claim to his title.

A supervisor may be liable for his own culpable conduct when sufficiently connected to the constitutional deprivation, including actionable supervisory omissions. Starr v. Baca, 652 F.3d 1202, 1207–1208 (9th Cir. 2011).

The FAC identifies Rosa individually and alleges notification of BSCC findings, staffing deficiencies, safety and supervision problems, and PREA deficiencies, including through oversight meetings. It further alleges that he knew those conditions posed a substantial risk and failed to take reasonable corrective steps. FAC ¶¶ 336, 384–386.

Paragraph 198 separately alleges knowledge and acquiescence concerning departures from disability-related supervision, housing, and crisis-response practices.

The motion also asserts that Rosa is not named in any state-law claim. Mot. 32. Paragraph 22 expressly defines “Individual Defendants” and “Supervisory Individual Defendants” to include him; multiple state-law counts identify those categories. The proper inquiry is whether a count alleges his own actionable conduct, not whether it repeats his surname.

Government Code section 820.8 prevents liability for another person’s wrongdoing but expressly preserves liability for injury proximately caused by the employee’s own negligent or wrongful act or omission. It therefore requires the same defendant-specific inquiry.

If greater specificity is required, Plaintiff requests leave to plead supported particulars concerning Rosa’s notice, available corrective measures, response, and causal role. The existing allegations identify subjects for clarification; they do not establish that no causal omission can be pleaded.

Finally, Hafer v. Melo, 502 U.S. 21, 25–27 (1991), and Kentucky v. Graham, 473 U.S. 159, 165–166 (1985), distinguish an individual-capacity claim from an official-capacity claim against the entity. Conduct performed through official authority can support personal liability when the required culpability and causation exist. FAC paragraphs 12 and 22 expressly identify Rosa’s individual capacity. Any official-capacity redundancy ruling cannot extinguish that distinct claim or decide the County’s substantive liability.

## XII. <u>THE COURT SHOULD PERMIT ANY NECESSARY CURATIVE AMENDMENT</u>

Rule 15(a)(2) directs courts to allow amendment freely when justice requires. Denial must rest on a proper ground, including actual futility rather than a generalized assertion that the complaint is deficient. Foman v. Davis, 371 U.S. 178, 182 (1962). Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003), places greatest weight on prejudice and recognizes a presumption favoring amendment absent prejudice or a strong showing on another Foman factor.

The October 14 order applied Rule 15 and granted amendment. Dkt. 30 at 2–3. The Standing Order likewise anticipates correction of curable pleading defects. Dkt. 9 ¶ 15(a). If a scheduling modification is required, Rule 16(b)(4) and Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608–609 (9th Cir. 1992), require diligence. Plaintiff requests an opportunity to make that specific showing rather than treating Rule 15 as displacing the schedule.

Plaintiff requests twenty-one days after the ruling to submit a focused amendment and any necessary scheduling request.

## XIII. CONCLUSION

Plaintiff requests denial under Local Rules 7-3 and 7-4 and rejection of the motion's overbroad merits disposition. Alternatively, the Court should identify the particular defendant, occurrence, theory, and remedy affected; preserve the remaining claims; and permit twenty-one days to cure supported pleading deficiencies, subject to any necessary scheduling relief.

Dated: November 24, 2026

THE WESTMORELAND LAW FIRM, P.C.

By: /s/ Dominique N. Westmoreland

Dominique N. Westmoreland
Yesha H. Patel
Rachel P. Jacobs
Attorneys for Plaintiff,
T.T., a minor by and through his
Guardian Ad Litem, DAPHOINE SMITH

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff T.T., certifies that this brief contains 6,309 words, which complies with the word limit of Local Rule 11-6.1. This certification is based on the word count generated by the word-processing system used to prepare the memorandum, including headings and excluding the caption, tables of contents and authorities, signature block, declaration, exhibits, and certificates.

Dated: November 24, 2026

THE WESTMORELAND LAW FIRM, P.C.

By: /s/ Dominique N. Westmoreland

Dominique N. Westmoreland
Yesha H. Patel
Rachel P. Jacobs
Attorneys for Plaintiff,
T.T., a minor by and through his
Guardian Ad Litem, DAPHOINE SMITH

**DECLARATION OF RACHEL P. JACOBS**

I, Rachel P. Jacobs, declare:

1. I am an attorney licensed to practice law in California and an attorney with The Westmoreland Law Firm, P.C., counsel for plaintiff T.T., a minor by and through his Guardian Ad Litem, DAPHOINE SMITH ("Plaintiff"). I submit this declaration in support of Plaintiff's opposition to the motion to dismiss filed by defendants COUNTY OF LOS ANGELES ("County") and GUILLERMO VIERA ROSA ("Rosa") (collectively, "Moving Defendants"). I have personal knowledge of the facts stated below and could competently testify to them.

2. On November 5, 2026, Simon K. Moradzadeh sent a nine-page letter concerning the County's contemplated motion to dismiss T.T.'s First Amended Complaint, Docket No. 32, in Case No. 2:25-cv-07209-KS. A true and correct copy of that letter is submitted with this declaration as Exhibit A.

3. I participated in the November 5, 2026 telephone conference concerning the contemplated motion. I was the only attorney from The Westmoreland Law Firm who participated. Dominique N. Westmoreland did not participate.

4. During the telephone conference, Mr. Moradzadeh did not substantively discuss the dismissal grounds set out in his letter. In particular, he did not substantively discuss applying the claim-presentation challenge to Supervisor Sherry Turpin or the Doe defendants.

5. Mr. Moradzadeh also did not substantively discuss the sufficiency of the FAC's deliberate-indifference allegations or the separate grounds for Rosa's individual and official-capacity liability now presented in the motion. My statements in this paragraph and the preceding paragraph concern what was discussed during the telephone conference, as distinct from the arguments appearing in the written letter. See Exhibit A.

I

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 24, 2026 at Rolling Hills Estates, CA.

/s/ Rachel P. Jacobs

Rachel P. Jacobs

**EXHIBIT A**

Glaser Weil

**Simon K. Moradzadeh**
T 310.553.3000
D 310.556.7827
smoradzadeh@glaserweil.com

November 5, 2026

VIA E-MAIL

Dominique Westmoreland, Esq.
Rachel P. Jacobs, Esq.
The Westmoreland Law Firm, P.C.
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, California 90274
dwestmoreland@wml-law.com
rjacobs@wml-law.com

Re: *T.T. v. County of Los Angeles, et al.* – Case No. 2:25-cv-07209-KS
**The County's Meet-and-Confer Letter Regarding Its Intended Motion to Dismiss the FAC (Dkt. 32) Under Rules 8 and 12(b)(6)**

Dear Counsel,

Pursuant to your request that the County of Los Angeles (the "County") provide a letter setting forth its positions regarding the deficiencies in the First Amended Complaint filed as Docket No. 32 (the "FAC") of Plaintiff T.T. ("Plaintiff" or "T.T."), please find our positions below. They are addressed in no particular order.

Through our discussion, it is our hope that the parties can resolve, or at least minimize, the issues without the need for motion practice.

## I. General Pleading Issue – Impermissible Group Pleading

The FAC attributes conduct throughout to "Defendants" and to undifferentiated groups of Does, and alleges that every defendant was the agent of every other (FAC ¶ 21). A complaint that fails to differentiate among defendants may fail to give fair notice.

*See Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996); *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012); *see also Polsky v. Ramnani*, 2018 WL 6133406, at *4–5 (C.D. Cal. Mar. 26, 2018) ("'[c]ourts in this circuit have held that a complaint fails to state a claim and must be dismissed if it does not indicate which individual defendant or defendants are responsible for which alleged wrongful act.'") (quoting *Ahmadi v. Nationstar Mortg., LLC*, 2016 WL 7495826 (C.D. Cal. Mar. 31, 2016)). The FAC squarely violates this requirement, and the problem is compounded because the County's liability on the state law claims is derivative under Government Code section 815.2, which makes it all the more important that the FAC identify the employee whose conduct is at issue.

## II. Plaintiff's State Law Claims (Claims 6-8, 10-14, and 18-20)

### A. The County's Statutory Immunities

#### 1. Gov. Code § 844.6 Immunizes the County from Every State Law Claim Except for the Bane Act (Claim 13)

Subject to limited, specifically delineated statutory exceptions that do not apply here, the County is immune from tort liability for alleged injuries to "prisoners" under Government Code section 844.6. *See, e.g.*, *Cardona v. Cnty. of Los Angeles*, 2024 WL 589877, at *2 (C.D. Cal. Jan. 10, 2024) (dismissing state law claims against the County based on governmental immunity). This immunity extends to statutory claims that are not expressly carved out; here, the only such carve-out applies to Plaintiff's Bane Act claim. *See* Cal. Civ. Code § 52.1(n).

A prisoner includes a person "confined in a correctional facility or institution under the authority of law enforcement authorities or legal process." *Patricia J. v. Rio Linda Union Sch. Dist.*, 61 Cal. App. 3d 278, 287 (1976). Here, T.T. was a ward in the County's juvenile hall system and is therefore a "prisoner" for purposes of the County's immunity. *See May v. Cnty. of Monterey*, 139 Cal. App. 3d 717, 719 (1983). As such, each of T.T.'s state law claims (except Claim 13) is subject to dismissal based on governmental immunity.

#### 2. Gov. Code § 845.6 Medical Care Immunity

Government Code section 845.6 "confers a broad general immunity on the public entity," and "[l]iability is limited to those situations where the public entity intentionally or unjustifiably fails to furnish immediate medical care." *Watson v. State of California*, 21 Cal. App. 4th 836, 841 (1993); *see also Hart v. County of Orange*, 254 Cal. App. 2d 302, 306 (1967). Within that exception, "liability is narrowly limited to the particular instances: (1) where the employee knows or has reason to know of the need (2) of immediate medical

care and (3) fails to summon such care." *Sanders v. County of Yuba*, 247 Cal. App. 2d 748, 753 (1967), *quoted in Watson*, 21 Cal. App. 4th at 841-42.

Section 845.6 "does not create liability for the public entity for malpractice in furnishing or obtaining that medical care." *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1070 (2013).

It also does not apply when treatment is provided but the alleged issue is a failure to provide further treatment or to ensure further diagnosis or treatment. *See Lapachet v. California Forensic Med. Grp., Inc.*, 313 F. Supp. 3d 1183, 1197 (E.D. Cal. 2018) ("Liability under § 845.6 attaches only when an employee fails to *summon* medical care; the failure to provide further treatment, or to ensure further diagnosis or treatment, is not actionable under § 845.6.").

Here, the FAC does not allege a failure to summon medical care. Rather, its allegations concern the adequacy of care, and it specifically alleges that probation staff summoned assistance. Therefore, the County is immune from liability on Claims 10 and 12.

**B. Government Claims Act (Claims 6, 7, 8, 10, 11, 12, 13, 14, 18, 19, and 20)**

**1. T.T.'s Claims Are Untimely (Gov. Code §§ 911.2, 911.4, 945.6, 946.6)**

Plaintiff presented Claim No. 25-1122, dated March 4, 2025. The County served a timely notice of untimeliness under Government Code section 911.3 on April 8, 2025. Plaintiff then filed an amended claim and an application for leave to present a late claim on April 14, 2025. On May 7, 2025, the County denied the application and rejected the claim as to activities occurring before October 14, 2024. A late-claim application must be presented "within a reasonable time not to exceed one year after the accrual of the cause of action." Gov. Code § 911.4(b). After a denial, the claimant's only remedy is a petition to the superior court within six months. *Id.* § 946.6. This Court is not the proper forum for that relief. *See Luers v. Smith*, 941 F. Supp. 105 (C.D. Cal. 1996). Once the six months have run, no relief remains. *See J.M. v. Huntington Beach Union High Sch. Dist.*, 2 Cal. 5th 648 (2017); *Brandon G. v. Gray*, 111 Cal. App. 4th 29 (2003).

To our knowledge, no section 946.6 petition was filed. Please advise immediately if you contend otherwise.

Accordingly: (1) all claims based on conduct before October 14, 2024 are barred; (2) the March 19, 2025 rooftop incident (FAC ¶¶ 180–198) postdates both claims and was never presented, and the time to present it or seek leave has expired; and (3) suit on

the rejected claim was due within six months of the May 7, 2025 rejection notice. Gov. Code § 945.6(a)(1); *Malear v. State*, 89 Cal. App. 5th 213 (2023).

**2. Plaintiff Did Not Present to the County the Claims Alleged for the First Time in the FAC**

The facts in the written claim to the County "must correspond with the facts alleged in the complaint," and a complaint "is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim." *Gong v. City of Rosemead*, 226 Cal. App. 4th 363, 376 (2014) (quoting *Watson*, 21 Cal. App. 4th at 844). A "complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim," is not permitted. *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 447 (2004); *see also Hernandez v. City of Stockton*, 90 Cal. App. 5th 1222 (2023).

Both of T.T.'s claims that were presented (described above) describe only staff-forced fights with youth and probation officers between July 23, 2023 and December 1, 2024, and negligent hiring, supervision, and training. Neither mentions searches, disability, housing, race, education, medical care, or the alleged rooftop incident. The FAC's section 11135 claim (Claim 18), its medical-care, housing, Directive 1379, and rooftop theories (Claims 7, 8, and 10–14), and its race and housing theories under the Ralph Act (Claim 19) rest on different acts, different actors, and different time periods that were never presented to the County (and, as set forth above, are untimely in any event). These claims, in addition to being untimely and therefore barred, also fail for noncompliance with the Government Claims Act's claim presentation requirement and are subject to dismissal.

**3. Additionally, Plaintiff Fails to Adequately Plead That He Satisfied the Claim Presentation Requirement**

The FAC lacks factual allegations regarding Plaintiff's compliance, or alleged excuse from compliance, with the Government Claims Act. *See* Gov. Code § 945.4. Paragraph 27 of the FAC pleads only, in the alternative, that the County "denied the claim, failed to resolve the claim, and/or" that Plaintiff "complied with, substantially complied with, or is excused from compliance." It identifies no claim, presentation date, rejection, or excusing fact. A plaintiff must "allege facts sufficient to demonstrate or excuse compliance with the filing provisions." *Acinelli v. Torres*, 2015 WL 4380772, at *5 (C.D. Cal. July 16, 2015). Failure to adequately allege compliance with the Government Claims Act is a basis for dismissal of Plaintiff's state law claims. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

### C. Additional Deficiencies in Specific State Law Claims

#### 1. The Sexual Misconduct Theories Are Deficient (Claims 6 and 20, and Sexual Abuse Allegations in Other Claims)

At the outset, T.T.'s sexual misconduct theories are deficiently pleaded. They are pleaded almost entirely on information and belief, against unnamed groups of Doe Defendants, and in the alternative. There is no allegation of dates, acts, locations, or actors, even though these facts are within T.T.'s own knowledge. These "bald" and "conclusory" allegations do not state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–81 (2009); *Hydrick*, 669 F.3d at 941–42.

Furthermore, even if these theories were sufficiently pleaded (they are not), the County cannot be held vicariously liable. For one, the County can be liable only for employee conduct that occurs "within the scope of his employment." Gov. Code § 815.2(a). Sexual misconduct is not within the scope of employment, and the County is therefore not liable for its employees' alleged misconduct.

Moreover, employers are not liable for an employee's sexual misconduct that is motivated by personal reasons. *See, e.g.*, *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 298–302 (1995); *Farmers Ins. Grp. v. County of Santa Clara*, 11 Cal. 4th 992, 1006–07 (1995).

*Mary M. v. City of Los Angeles* does not change the result. There, the California Supreme Court expressly limited its holding: "We stress that our conclusion in this case flows from the unique authority vested in police officers. Employees who do not have this authority and who commit sexual assaults may be acting outside the scope of their employment as a matter of law." *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 218 n.11 (1991). Probation staff, like the employees in *Lisa M.*, do not wield the arrest authority on which *Mary M.* turned.

Here, the FAC expressly alleges that the employees engaged in the alleged touching "for the purpose of sexual arousal, gratification, or abuse." FAC ¶ 432. This is quintessentially conduct outside the scope of employment, and the County therefore cannot be held vicariously liable for it under section 815.2.

#### 2. The County Cannot Be Held Directly Liable Absent a Statute (Claims 11, 12, and 20)

A public entity is not liable except as provided by statute (Gov. Code § 815), and a direct negligent hiring, retention, or supervision claim against an entity fails absent a statutory duty. *de Villers v. County of San Diego*, 156 Cal. App. 4th 238, 252–53 (2007);

*County of San Bernardino v. Superior Court*, 77 Cal. App. 5th 1100 (2022). The FAC repeatedly asserts the County's "own" negligence (FAC ¶¶ 32, 346–348, 437) and relies on an internal directive (FAC ¶ 357), which is not an "enactment" under section 815.6. These direct-liability theories should be withdrawn.

### 3. Government Code § 11135 (Claim 18) Fails

T.T.'s claim under Government Code section 11135 fails because he seeks numerous categories of *monetary* damages (FAC ¶ 420), which are not available for a violation of that statute; rather, **the *only* available remedy is <u>equitable</u> relief**. Gov. Code § 11139 (section 11135 "may be enforced by a civil action for equitable relief . . . .").

Accordingly, the claim fails and is subject to dismissal without leave to amend. *See Amaral v. Beloglovsky*, 2024 WL 1557474, at *3–4 (E.D. Cal. Apr. 10, 2024) (dismissing section 11135 claim seeking damages without leave to amend); *Fetter v. Placer County Sheriff*, No. 2:12-cv-02235-MCE-EFB, 2017 WL 896275, at *3 (E.D. Cal. Mar. 6, 2017) ("Section 11139 sets out the remedy for any violations of § 11135: 'a civil action for equitable relief.' Plaintiff seeks only damages, and so his claim fails.") (cited in *Amaral*).

### 4. Ralph Act (Claim 19) Fails

To adequately allege a Ralph Act claim, T.T. must allege violence or a threat of violence for which "a motivating reason for doing so was a prohibited discriminatory motive." *See* Cal. Civ. Code § 51.7; *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 880–81 (2007). There are no such allegations in the FAC. Rather, by its own allegations, the FAC attributes the alleged violence to staff entertainment, wagering, and control. FAC ¶¶ 140-141. This claim is not adequately pleaded and is therefore subject to dismissal.

### 5. Punitive Damages Are Not Recoverable from the County (Claims 13 and 19)

Punitive damages cannot be recovered against a public entity. Gov. Code § 818. Although the FAC is generally careful not to seek punitive damages against the County (presumably in light of this bar), Claims 13 and 19 seek punitive damages. *See* FAC ¶ 363 (Claim 13), ¶ 428 (Claim 19). Nothing in those claims clearly states that T.T. is not seeking punitive damages from the County.

T.T. therefore needs to amend the FAC to remove this category of damages as to the County.

## III. Federal Claims

### A. ADA Title II and Section 504 (Claims 16 and 17)

"The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996), for the proposition that the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . . [T]he ADA does not create a remedy for medical malpractice."). The FAC's allegations that the County failed to provide adequate medical and mental-health care challenge the adequacy of treatment and do not state a claim under either statute.

The claims also fail for lack of causation. A Section 504 claim requires discrimination "solely by reason of" a disability. 29 U.S.C. § 794(a). The claims here are predicated, allegedly, on Plaintiff's physical size and race, not any alleged disability. FAC ¶¶ 205, 213, 417. Furthermore, the FAC contains no non-conclusory allegations supporting deliberate indifference, which is required to recover damages under either statute. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

The failure-to-train and education theories also fail. The FAC alleges no service, program, or activity that was denied to Plaintiff because of any alleged disability.

The claims, as pleaded, also fail because Plaintiff seeks emotional distress damages (FAC ¶¶ 395, 409), which are not recoverable for alleged violations of the ADA or Section 504. The Supreme Court has expressly held that emotional distress damages are not available under Section 504. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 230 (2022). The Second Circuit has since held that such damages are likewise unavailable under Title II of the ADA. *See Doherty v. Bice*, 101 F.4th 169, 175 (2d Cir. 2024) ("Because recovery for emotional distress damages is unavailable under the Rehabilitation Act's cause of action, we now hold that such recovery is likewise unavailable under Title II of the ADA . . . ."), *cert. denied*, 145 S. Ct. 381 (2024).

### B. *Monell* Claim (Claim 9)

The *Monell* claim is deficiently pleaded for several reasons and is therefore subject to dismissal. As you know, the County may not be held liable under section 1983 on a respondeat superior theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A custom must be "so permanent and well settled as to constitute a 'custom or usage' with the force of law," and "[l]iability for improper custom may not be predicated on isolated or sporadic incidents." *Gordon v. County of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) (quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)). Plausible facts, not bare allegations, are required. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012);

*see also Benavidez v. County of San Diego*, 993 F.3d 1134 (9th Cir. 2021) (affirming dismissal of *Monell* claim with prejudice).

The FAC sets forth several alleged customs, policies, and practices, but each fails. For example, the theory relating to T.T.'s rooftop "incident" is predicated on a single incident (T.T.'s own) and a conclusory allegation that the County acted pursuant to a custom of not following its own policies. That is deficient for several reasons. For one, the failure to follow a policy does not support *Monell* liability. Furthermore, a single incident is insufficient to establish a custom or practice giving rise to *Monell* liability. *Gordon*, 6 F.4th at 974; *Trevino*, 99 F.3d at 918.

The sexual abuse and search theory fares no better. It invokes lawsuits by other claimants regarding sexual abuse, but rests on generic references to abusive searches. First, the searches are not sexual misconduct, and certainly not of the same kind at issue in the lawsuits filed by other claimants. Moreover, generic search "policies, practices and customs," without a specific policy or event, are insufficient. *See Hydrick*, 669 F.3d at 942.

A failure-to-train theory requires that "the need for more or different action is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *Park v. City & County of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020). The FAC identifies no specific training deficiency and no facts connecting any deficiency to Plaintiff's injuries. The BSCC staffing findings it cites (FAC ¶¶ 321, 336) concern staffing ratios, *not* training. Furthermore, the FAC does not allege that a failure to train after isolated incidents would result in a "known or obvious" violation of constitutional rights. *See Terry v. City of Pasadena*, 2019 WL 2895192, at *13–14 (C.D. Cal. Apr. 22, 2019) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

Whether an official is a final policymaker for the County on a particular issue is determined under state law. *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1189 (9th Cir. 2002); *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992). The Chief Probation Officer is appointed by, and removable by, the judges of the superior court. Gov. Code § 27770(a). The FAC's conclusory assertion that Chief Probation Officer Rosa's decisions are County policy (FAC ¶ 320) pleads no facts showing that the County delegated final policymaking authority over the matters at issue.

Finally, the FAC alleges that "30 probation officers were indicted for orchestrating 'gladiator fights'" (FAC ¶¶ 67, 322). The indictment itself (*People v. Brooks, et al.*, L.A. Super. Ct. No. 25CJCF00763) does not say that, and it will be the subject of a request for judicial notice on the ground that it is incorporated by reference. The indictment shows that only three of the 30 indicted officers were charged (not even convicted) with allowing youth to fight, and that charge was based on four fights in a single housing unit in 2023. Isolated

and sporadic incidents like these are, as a matter of law, insufficient to establish a custom, policy, or practice that would render the County liable for its employees' alleged conduct. *See Terry*, 2019 WL 2895192, at *13 (finding no *Monell* liability based on three instances of alleged employee misconduct, noting that "[l]iability for improper custom may not be predicated on **isolated or sporadic incidents**; it must be founded upon practices of sufficient **duration, frequency and consistency** that the conduct has become a **traditional method of carrying out policy**.") (quoting *Trevino*, 99 F.3d at 918).

* * * *

I look forward to discussing these issues with you this afternoon. Alternatively, if after reviewing this letter you are amenable to amending the complaint to address some or all of the points raised, and thereby avoiding motion practice, please let us know before our call, and we can discuss a stipulation providing Plaintiff sufficient time to make those amendments.

In the interim, nothing in this letter is intended to waive any of the County's claims, defenses, or remedies, all of which are expressly reserved.

Sincerely,

Simon K. Moradzadeh
for Glaser Weil Fink Howard Jordan & Shapiro LLP

**CERTIFICATE OF ELECTRONIC SERVICE**

I electronically filed the following documents with the Clerk of the United States District Court for the Central District of California using the Court's CM/ECF system:

1. PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS COUNTY OF LOS ANGELES AND GUILLERMO VIERA ROSA'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; and
2. DECLARATION OF RACHEL P. JACOBS IN SUPPORT OF PLAINTIFF'S OPPOSITION, INCLUDING EXHIBIT A.

The CM/ECF system transmitted a Notice of Electronic Filing to the following registered counsel for defendants COUNTY OF LOS ANGELES and GUILLERMO VIERA ROSA:

ANDREW BAUM
abaum@glaserweil.com
JAMES SARGENT
jsargent@glaserweil.com
SIMON K. MORADZADEH
smoradzadeh@glaserweil.com
GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 24, 2026.

/s/ Dominique N. Westmoreland
______________________________
Dominique N. Westmoreland

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff T.T., certifies that this brief contains 6,309 words, which complies with the word limit of Local Rule 11-6.1. This certification is based on the word count generated by the word-processing system used to prepare the memorandum, including headings and excluding the caption, tables of contents and authorities, signature block, declaration, exhibits, and certificates.

Dated: November 24, 2026 THE WESTMORELAND LAW FIRM, P.C.

/s/ Dominique N. Westmoreland
By:____________________________
Dominique N. Westmoreland
Yesha H. Patel
Rachel P. Jacobs
Attorneys for Plaintiff,
T.T.